ELLIS, Judge:
Plaintiff Connie Lee Clarke McDonald Mornhinveg was divorced from defendant Phillip Charles Scardina. After the divorce, on April 21, 1975, she transferred to him her undivided one-half interest in certain immovable property formerly belonging to the community, for a recited cash consideration of $6,300.00.
Plaintiff brought the first of these suits, alleging that only $3,300.00 of the consideration had been paid, and asking for a money judgment for $3,000.00, the balance allegedly due. In answer to the petition, defendant denied any liability to plaintiff, and alleged that the sale was part of a *75 community property settlement made after the dissolution of the community. Alternatively, in the event the court should find that there was no community settlement, and that plaintiff is entitled to judgment against him, defendant reconvened for a partition of all property owned in indivisión by the parties.
Plaintiff subsequently brought the second suit, alleging that the price paid in the sale of her interest in the property was lesionary beyond moiety, and prayed that the sale be annulled for that reason, upon her returning the purchase price, or that the defendant be permitted to retain title by paying to her the sum of $6,000.00. Defendant’s answer denied the allegations of the petition.
In the pre-trial order, plaintiff’s position is as set forth in her petitions. Defendant’s position is as recited in his answer and reconventional demand in the first suit, stating that: “In the event the court finds that there was no property settlement, then Mr. Scardina desires the court to order one.” The two cases were consolidated for trial.
At the trial, Mrs. Mornhinveg testified that she had agreed to sell the property for $6,300.00, that she had been paid only $3,000.00, and that she knew nothing of any community property settlement. She admitted that she had never paid any community debts. She recalled some debts for medical services, and knew that there was a balance due on two automobiles owned by the community. She listed 22 items of furniture retained by her. She retained a 1967 Volkswagen automobile. She also retained a number of bathroom accessories, a brass bed, two television sets, an oak table with five chairs, and seven antique clocks. There was also some furniture that she stated that Mr. Scardina bought and paid for after their separation, and which she retained.
Mr. Scardina took a stereo, a ceramic LSU tiger, a collection of Jim Beam bottles, and some towels. Mrs. Mornhinveg testified that he took nothing else, other than the 1972 Thunderbird automobile. He testified that no furniture was bought by him after their separation, and that everything was community property. He testified that he agreed with plaintiff on a property settlement, by virtue of which she was to keep all the furniture, he was to give her some money for the land and he was to pay the community debts. He testified that he figured out the value of everything, and “it came out to be pretty close to what I paid her in cash for this property.” He stated that the remainder of the price was made up in clocks and material goods.
He further testified that he paid the following debts:
For the Volkswagen $ 647.53
Goudchaux’s 81.08
For the Thunderbird 4,701.39
Balance on furniture 1,300.00
D. H. Holmes 370.00
Medical bills totalling 470.00
Total $7,570.10.
By expert testimony it was established that the antique clocks in plaintiff’s possession were worth between $1,205.00 and $1,365.00. By stipulation it was established that the value of the property as of the time of the settlement was $16,775.00.
The trial judge found that there was no longer any community property between the parties which could be partitioned; that, considering the testimony of the parties, and their actions, the transaction which took place between them was, in essence, a property settlement; and that plaintiff had received, in money and property, full consideration for the sale, and an amount sufficient to defeat the claim of lesion beyond moiety.
In so finding, the trial judge disregarded the payment of the $4,701.39 balance due on the Thunderbird, apparently being of the opinion that the value of the automobile counterbalanced the debt. He placed no value on the other items received by Mr. Scardina nor did he evaluate the 22 items of furniture retained by Mrs. Mornhinveg, and *76 neither party was debited with the value of these items. Nor did he debit Mrs. Morn-hinveg with the value of three clocks and some furniture sold by her.
He credited Mr. Scardina with having paid debts of $2,670.33, and gave him a total credit for this, together with the $1,300.00 worth of furniture and the Volkswagen of $2,317.68. He found that this, when added to the $3,300.00 received in cash, and the $1,205.00 value of the clocks, far exceeded one-half of the value of plaintiff’s interest in the property, which he computed to be $4,193.75.
We think the record fully supports the above finding. Whether the transaction is viewed as a sale or as a partition, we think it clear that the parties had come to an accommodation that disposed of all questions regarding property ownership, and that each has abided by it, the plaintiff by assuming dominion over the property received by her and the defendant by paying the community obligations. Under those circumstances, when it appears likely that each party received reasonable value in the transaction, it would be wholly unfair to regard the transfer of plaintiff’s interest in the property as an isolated sale, without reference to the other matters involved in the settlement. See Tyson v. Spearman, 190 La. 871, 183 So. 201 (1938); Beatty v. Vining, 147 So.2d 37 (La.App.2nd Cir. 1962).
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.